

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-18-2007

# USA v. Livingston

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1648

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Livingston" (2007). *2007 Decisions*. Paper 1089.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1089

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-1648

UNITED STATES OF AMERICA

v.

KWADENE LIVINGSTON,
Appellant

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 05-cr-00098-1)
District Judge:  Honorable William J. Martini

Submitted Under Third Circuit LAR 34.1(a)
May 7, 2007

Before:  RENDELL, JORDAN and HARDIMAN, Circuit Judges.

(Filed:   May 18, 2007)

OPINION OF THE COURT

RENDELL, *Circuit Judge.*

Appellant Kwadene Livingston appeals from the sentencing order of the

United States District Court for the District of New Jersey.  Livingston's counsel has filed a brief

pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no non-frivolous

arguments available to Livingston on appeal and requesting leave to withdraw.  We will affirm

the District Court's sentence and grant counsel's request.

## I.

On February 8, 2005, a grand jury in the District of New Jersey returned an indictment charging Livingston, a previously convicted felon, with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and (2). Pursuant to a plea agreement, Livingston pled guilty to the charge on November 4, 2005. Although the Presentence Investigation Report prepared by the Probation Officer indicated, in consideration of his criminal history, that Livingston was liable for a sentencing range of 110 to 137 months under the United States Sentencing Guidelines ("U.S.S.G."), the statutory maximum up to which the District Court was authorized to sentence Livingston was 120 months, making the effective Guideline range 110 to 120 months. On February 15, 2006, the District Court sentenced Livingston to the bottom of this range, 110 months.

On February 17, 2006, Livingston filed a notice of appeal. Livingston's counsel filed an *Anders* brief, moving to withdraw his representation on the grounds that Livingston's appeal presented no non-frivolous issues. Livingston's subsequent *pro se* brief challenges the District Court's application of a four-step sentencing enhancement for possession of a firearm in connection with another felony offense (here, drug possession with an intent to distribute) pursuant to U.S.S.G. § 2K2.1(b)(5). We have jurisdiction to consider Livingston's challenge pursuant to 28 U.S.C. § 1291.

## II.

Livingston argues that the District Court erred in imposing the § 2K2.1(b)(5) enhancement because, in Livingston's view, there were insufficient facts upon which to base the

2

enhancement. However, Livingston's argument must fail for the simple reason that the District Court imposed the enhancement *only after* Livingston and the Government agreed, in their plea agreement, that it would apply. Livingston has not challenged the knowing and voluntary nature of his plea agreement with the Government and, therefore, offers no reason why we should disregard the agreement now.[1]

III.

Pursuant to Third Circuit Local Appellate Rule 109.2(a), if trial counsel reviews the district court record and "is persuaded that the appeal presents no issue of even arguable merit, trial counsel may file a motion to withdraw, with a supporting brief, pursuant to *Anders v. California*, 386 U.S. 738 (1967)." Third Circuit L.A.R. 109.2(a). "The Court's inquiry when counsel submits an *Anders* brief is thus twofold: (1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any non-frivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). Because counsel's *Anders* brief complied with the rule's requirements and because our own independent review of the record does not reveal any non-frivolous issues, we will grant counsel's request to withdraw.

First, we are satisfied that counsel thoroughly examined the record for appealable issues and accurately determined that no non-frivolous issues existed. Indeed, counsel in this case considered several more arguments than Livingston himself thought to raise. Counsel ultimately, and correctly, determined that none had merit. *See United State v. Marvin*, 211 F.3d

---

[1]The Government argues that we should dismiss Livingston's appeal because he waived his right to such an appeal in the plea agreement. We need not rule on these grounds, and we would not dismiss in any event. *See United States v. Gwinnett*, No. 06-1766, 2007 WL 1217733 (3d Cir. Apr. 26, 2007).

778, 780 (3d Cir. 2000). Therefore, we are more than "satisfied that counsel adequately attempted to uncover the best arguments" for his client. *Id*. at 781.

Second, this Court's independent review of the record and caselaw does not reveal any non-frivolous issues. As discussed, Livingston's appeal must fail for the simple reason that he has not challenged the knowing and voluntary nature of the plea agreement giving rise to the very sentencing enhancement at issue.

IV.

For these reasons, we will AFFIRM the sentence imposed by the District Court and GRANT counsel's motion to withdraw.[2]

---

[2]As a result, we conclude that is not necessary to appoint counsel to file a petition for rehearing in this Court or a petition for writ of certiorari in the United States Supreme Court on Livingston's behalf. *See* Third Circuit L.A.R. 109.2(b).